# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROBERT WINDELL TATE,

               Petitioner,

v.                                       Case Numbers:  2:06-CV-13156 &
                                                    2:06-CV-13907

RAYMOND BOOKER,

               Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO CONSOLIDATE,[1] DIRECTING CLERK OF COURT TO RE-FILE PLEADINGS AND CLOSING CASE NUMBER 06-13907

Petitioner Robert Windell Tate filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on July 11, 2006. That petition, case number 06-13156, challenges Petitioner's 2001 convictions for second-degree murder, possession of a firearm by a felon and felony-firearm. On September 1, 2006, Petitioner filed another petition for a writ of habeas corpus challenging the same convictions challenged in the earlier-filed petition. That petition was assigned to the Honorable Patrick J. Duggan under case number 06-13907. On April 19, 2006 case number 06-13907 was reassigned to this court, pursuant to Local Rule 83.11, as a companion case to case number 06-13156. (*See* 10/2/07 Order Regarding Reassignment of Companion Case.)

Respondent has filed a Motion to Consolidate in case number 06-13156, arguing that case numbers 06-13156 and 06-13907 should be consolidated under Federal Rule

_____

[1]The motion appears on the court's docket as Respondent's "Response to Petition for Writ of Habeas Corpus."

of Civil Procedure 42(a).  According to Rule 42, "[w]hen actions involving a common question of law or fact are pending before the court, . . . it may order all actions consolidated; and it may make such orders considering proceedings therein as may tend to avoid unnecessary costs or delays."  Fed. R. Civ. P. 42(a).  The objective of consolidation is "to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992) (quoting Wright & Miller, Federal Practice and Procedure § 2381 (1971)).

Although the attachments to the habeas petitions filed in 06-13907 are presented in a different order than those presented in 06-13156, the petitions and the attachments are otherwise identical.  The petitions challenge the same convictions, involve the same parties and raise the same grounds for relief.  Therefore, the court will order consolidation of these actions pursuant to Rule 42(a).

Cases consolidated under 42(a) generally retain their separate identity.  *Advey*, 962 F.2d at 1181.  However, "when the scope of consolidation is broad and the issues and parties are virtually identical, more leniency is permitted in treating the cases as one." *Id.*  In this case, the court finds that there is no reason to maintain two separate actions.  Therefore, the court shall order the Clerk of Court to re-file the non-duplicative pleadings filed in case number 06-13907 on the docket of case number 06-13156.  Specifically, the Clerk of Court shall re-file the pleadings entered in case number 06-13907 as docket entries 4 through 10 in case number 06-13156.  Accordingly,

IT IS ORDERED that Respondent's Motion to Consolidate [Case No. 06-13156, Dkt. # 7] is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall re-file in case number 06-13156, docket entries 4 through 10 from case number 06-13907.

IT IS FURTHER ORDERED that case number 06-13907 is closed for statistical and administrative purposes. **The parties shall file all pleadings exclusively on docket number 06-13156.**

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 18, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 18, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522