# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT WINDELL TATE,

              Petitioner,

v.                                         Case No. 06-CV-13156

RAYMOND BOOKER,

              Respondent.

                                        /

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Robert Windell Tate has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. He challenges his convictions for second-degree murder, felon in possession of a firearm and felony firearm. For the reasons set forth below, the court denies the petition.

## I. BACKGROUND

Petitioner's convictions arise from the shooting death of Wilber Gant on August 23, 2000, at James Lewis' home on Morang Street in Detroit, Michigan. James Lewis testified that, in August 2000, he was selling cocaine from his home. Petitioner was one of his customers. On August 23, 2000, Gant came to visit Lewis at his home. Lewis later left the home, leaving Gant behind. At approximately 2:00 p.m., he called his home and spoke to Gant. Several hours later, he phoned his home, but nobody answered. Lewis returned to his home and found Gant lying on the kitchen floor in a pool of blood.

Police Officer Walker Bates testified that he questioned Petitioner following the shooting. Petitioner admitted shooting Gant. Petitioner stated that he went to Lewis's home because he wanted to take some money from the home. Gant walked into the kitchen as Petitioner was taking money from a drawer, and asked Petitioner what he was doing. Petitioner saw Gant reach behind his back and thought Gant was reaching for a gun. Petitioner began shooting at Gant with a .32 caliber automatic gun. The gun was later recovered from Petitioner's backyard. Petitioner did not testify in his own defense.

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder, felon in possession of a firearm, and felony firearm. On July 16, 2001, he was sentenced to life imprisonment for the second-degree murder conviction, forty to sixty months imprisonment for the felon in possession conviction, to be served concurrently with one another and consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right, presenting the following claims:

I. Where the prosecution failed to establish beyond a reasonable doubt that Defendant did not act in self-defense, his conviction must be vacated because it violates his constitutional rights to be free from conviction in the absence of evidence of guilt beyond a reasonable doubt.

II. Defendant's conviction must be reversed where the trial court made insufficient findings of fact and conclusions of law.

III. The imposition of a life sentence on Defendant's conviction is grossly disproportionate in light of the offense and the offender since it amounts to the absolute maximum sentence allowable under the law, thereby denying him the right to due process at sentencing, pursuant to US Const Ams V, VI, XIV; and Mich Const 1963, Art 1, Sec 16, 17.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Tate*, No. 237795 (Mich. Ct. App. March 18, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Tate*, No. 123839 (Mich. Sept. 29, 2003).

Petitioner then filed a motion for relief from judgment, claiming that he was denied the effective assistance of trial and appellate counsel, that his confession should have been suppressed, and that he was deprived of his right to a prompt arraignment. The trial court denied the motion for relief from judgment. *People v. Tate*, No. 00-12832 (Wayne County Circuit Court Apr. 8, 2005). Petitioner filed applications for leave to appeal the trial court's decision in the Michigan Court of Appeals and Michigan Supreme Court. Both Michigan appellate courts denied leave to appeal. *People v. Tate*, No. 263358 (Mich. Ct. App. Feb. 10, 2006); *People v. Tate*, No. 130685 (Mich. June 26, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

    I.     Defendant's conviction must be vacated because the prosecution failed to establish beyond a reasonable doubt that Defendant did not act in self-defense.

    II.    Defendant's conviction must be reversed where the trial court made insufficient findings of fact and conclusions of law.

    III.   The imposition of a life sentence on Defendant's conviction is grossly disproportionate in light of the offense and the offender since it amounts to the absolute maximum sentence allowable under law.

IV. Defendant was deprived of his liberty without due process of law under U.S. Const Amend IV and XIV and Michigan Const 1963, Art I Sec 2 when the trial court refused to suppress Defendant's confession which was obtained as the product of a warrantless arrest, without probable cause and the express purpose of illegal detention to investigate the crime.

V. Defendant was denied due process of law when the State deprived him of his right to a prompt judicial determination of probable cause or arraignment and Defendant was denied his right to prepare a defense by lack of notice of the charges against him under US Const Am XIV, Mich Const 1963, Art I, Sec 17.

VI. Ineffective assistance of counsel.

## II. STANDARD

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state

court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

5

application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

When "no state court addresses a properly raised federal claim," a federal court is "no longer bound by AEDPA's deferential standard of review and instead review[s] the claim de novo." *Williams v. Haviland*, 467 F.3d 527, 530 (6th Cir. 2006).

### III. DISCUSSION

### A. Sufficiency of the Evidence

Petitioner claims that the evidence presented at trial was insufficient to show that he was not acting in self defense when he shot Wilber Grant.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this court must determine whether the state court's application of the *Jackson* standard was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); *West v. Seabold*, 73 F.3d 81, 83 (6th Cir. 1996), *cert. denied*, 116 S. Ct. 2569 (1996).

6

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held, in pertinent part:

> In reviewing a claim of insufficient evidence, this Court must determine whether, taking the evidence in the light most favorable to the prosecution, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *People v. Hardiman*, 466 Mich. 417, 421; 646 N.W.2d 158 (2002). A claim of self-defense requires proof that the defendant acted in response to an assault. . . . . "[T]he killing of another person in self-defense is justifiable homicide only if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself." *People v. Riddle*, 467 Mich. 116, 127; 649 N.W.2d 30 (2002). A defendant is never obligated to retreat from a sudden, violent attack or to retreat when to do so would be unsafe. *Id.* at 127-30, 142. A person is not required to retreat from an attacker who he reasonably believes is about to use a deadly weapon. *Id.* at 119, 128-131. Once the defendant introduces evidence of self-defense, the prosecutor has the burden of disproving it beyond a reasonable doubt. . . .
>
> The incident at issue took place when defendant went to a drug-dealer's house to buy crack cocaine. When defendant arrived, the victim let him in and the phone rang. While the victim was on the phone, defendant was waiting in the kitchen when he decided to steal some money from the kitchen counter drawer. As defendant was rifling through the drawer, the victim walked in the kitchen, saw what was defendant was doing, and swore at defendant. According to defendant's statement to police, the victim then reached toward his back. Defendant allegedly thought the victim was reaching for a gun, so he pulled out his own gun and fired three or four shots at the victim and killed him. Defendant then took about $150 from the kitchen drawer, went home, and buried his gun in his backyard.
>
> We conclude that the evidence was sufficient to negate defendant's claim of self-defense beyond a reasonable doubt. Defendant had been smoking crack cocaine before the incident and admitted that he never saw the victim with a gun the day of the shooting and, although he knew the drug-dealer who owned the house to carry a gun, he did not know the victim to carry a gun. No weapons were found on or near the victim's body. There is no evidence that the victim threatened defendant's life in any way. The only evidence supporting defendant's self-defense theory is his statement that the victim was reaching behind his back. In these

7

> circumstances, the evidence was sufficient to prove that defendant's alleged belief that he was in danger of injury was not reasonable.

*Tate*, slip op. at 1-2.

Petitioner challenges the sufficiency of the evidence on the ground that he acted in self-defense, but, viewing the facts in the light most favorable to the prosecution, Petitioner fails to establish that the Michigan Court of Appeals decision was contrary to or an unreasonable application of Supreme Court precedent. Petitioner admitted that he did not know the victim to carry a weapon. The only evidence that in any way tends to support a self-defense theory was Petitioner's claim that he thought the victim may have been reaching for a gun. There was no physical or other evidence in support of this concept. Other circumstances, including Petitioner's drug intoxication and his effort to bury the evidence – and the event – further tend to indicate knowing criminality rather than a legitimate act of self defense. The court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to effectively negate petitioner's self defense claim did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, petitioner is not entitled to federal habeas corpus relief with respect to this claim.

### B. Trial Court's Findings of Fact and Conclusions of Law

Next, Petitioner claims that he is entitled to habeas relief because the trial court made insufficient findings of fact and conclusions of law.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497

U.S. 764, 780 (1990). "In a [federal] habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith*, 663 F.2d 18, 22-23 (6th Cir. 1981), *cert. denied*, 455 U.S. 1024 (1982).

Petitioner's claim that the trial court failed to make sufficient findings of fact is based solely upon Michigan Court Rules requiring a judge to make specific findings of fact and conclusions of law. *See* M.C.R. 2.517, 6.403. Consequently, Petitioner's claim is not cognizable on federal habeas corpus review. *See Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus . . . reaches only convictions obtained in violation of some provision of the United States Constitution.").

### C. Sentencing Claim

Petitioner argues that his sentence of life imprisonment is grossly disproportionate to the offense committed, given that he had few prior convictions, established employment, a high school diploma, strong family support, and good physical and mental health.

There exists no constitutional right to strict proportionality in sentencing. *Harmelin v. Michigan*, 501 U.S. 957 (1997). However, the Eighth Amendment prohibits "extreme sentences that are grossly disproportionate to the crime." *Id.* at 995. The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment'." *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994) (holding that, generally, a sentence within statutory limitations does not violate the Eighth Amendment); *Hutto v. Davis*, 454 U.S. 370, 374

9

(1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare") (internal quotations omitted).

Under Michigan law, the maximum sentence for second-degree murder is life or any number of years. Mich. Comp. Laws § 750.317. Therefore, Petitioner was sentenced in accordance with the statutory maximum. Accordingly, Petitioner fails to state an Eighth Amendment violation under which he would be entitled to habeas corpus relief.

### D. Procedural Default

Respondent argues that Petitioner's fourth and fifth claims for relief, that his confession should have been suppressed and that he was denied a prompt arraignment, are barred from review because they are procedurally defaulted. The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner fails to comply with a state procedural rule that required her to have done something at trial to preserve her claimed error for appellate review, e.g., to make a contemporaneous objection. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a

10

constitutional violation resulted in the conviction of one who is actually innocent." *Rust v. Zent*, 17 F.3d 155, 162 (6th Cir. 1994); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); Murray v. Carrier, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001), cert. denied, 536 U.S. 947 (2002); see also *Warner v. United States*, 975 F.2d 1207, 1213-14 (6th Cir. 1992). The last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman*, 501 U.S. at 729-30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground[] only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson*, 94 F.3d at 202. Whether the independent state ground is adequate to support the judgment is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 375 (2002). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The last state court to issue a reasoned opinion regarding these claims, the trial court, held that the claims were barred from review, relying on Michigan Court Rule

6.508(D)(3). The Sixth Circuit Court of Appeals has held that M.C.R. 6.508(D)(3) is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice where the rule was in effect at the time of a petitioner's direct appeal. *Luberda v. Trippett,* 211 F.3d 1004, 1007 (6th Cir. 2000), *citing Rogers v. Howes*, 144 F.3d 990 (6th Cir. 1998). M.C.R. 6.508(D) was enacted in October 1989. Petitioner was convicted in 2001. Thus, M.C.R. 6.508(D) was a firmly established and regularly followed state procedural bar at the time of Petitioner's conviction and direct appeal. These claims, therefore, are barred from review unless Petitioner can establish cause and prejudice to excuse the default or that failure to consider the claim will result in a miscarriage of justice.

Petitioner asserts ineffective assistance of counsel as cause to excuse his procedural default. The Supreme Court has held that "cause" under the cause and prejudice standard must be "something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman*, 501 U.S. at 753. The Court further held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error' . . . . Attorney error that constitutes ineffective assistance of counsel is cause, however." *Id.* at 753-54 (internal citations omitted).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so

12

serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Strickland*, 466 U.S. at 688; additional internal quotations omitted). However, when assessing counsel's performance, the reviewing court should afford counsel great deference. *Strickland*, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'").

Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

To determine whether his appellate attorney was ineffective in failing to raise these claims on direct appeal, the court considers the merits of Petitioner's claims. First, Petitioner argues that his appellate attorney was ineffective in failing to raise a claim that his statement should have been suppressed because it was the product of a warrantless arrest that lacked probable cause. The petitioner's statement was the subject of a *Walker* hearing prior to trial, but counsel did not argue for suppression of

13

the confession on the same ground now advanced by Petitioner.[2] The trial court determined that the statement was admissible.

The Fourth Amendment prohibits police from effecting a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. *Payton v. New York*, 445 U.S. 573 (1980). In *New York v. Harris*, 495 U.S. 14 (1990), the Supreme Court declined to suppress a suspect's statement taken outside his home after a warrantless arrest where the police had probable cause to effectuate the arrest. The Court reasoned:

> [S]uppressing Harris' statement taken outside the house would not serve the purpose of the rule that made Harris' in-house arrest illegal. The warrant requirement for an arrest in the home is imposed to protect the home, and anything incriminating the police gathered from arresting Harris in his home, rather than elsewhere, has been excluded, as it should have been; the purpose of the rule has thereby been vindicated.

*Id.* at 20.

First, Petitioner was arrested outside rather than inside his home. Second, Petitioner cannot show that the that police lacked probable cause to arrest him because he had an outstanding warrant related to a probation violation. Because Petitioner has failed to show that probable cause was absent, the court concludes that the state court's decision that the statement was not subject to exclusion even if the arrest was illegal follows the reasoning set forth by controlling Supreme Court caselaw. Appellate counsel's decision to forego the issue of Petitioner's alleged warrantless arrest in favor of other claims was strategic and does not constitute ineffective assistance of counsel. To establish ineffective assistance of appellate counsel, Petitioner is required to show

---

[2] *People v. Walker (On Rehearing)*, 374 Mich. 331; 132 N.W.2d 87 (1965).

that his appellate attorney was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir.1992) ( en banc ). Petitioner has not done so with respect to this claim.

Second, Petitioner claims that his appellate attorney was ineffective in failing to argue that he was denied a prompt arraignment. The Constitution requires a defendant be given a reasonably prompt probable cause determination (such as arraignment) following his arrest, and that a delay in arraignment greater than 48 hours after arrest is presumptively unreasonable. *County of Riverside v. McLaughlin*, 500 U.S. 44, 55-58 (1991). Even assuming a *McLaughlin* violation occurred,[3] Petitioner cannot show a reasonable probability that a motion to suppress his statements on this basis would have been successful. The Supreme Court has explicitly declined to rule on the appropriate remedy for a McLaughlin violation, *see Powell v. Nevada*, 511 U.S. 79, 84 (1994), and the Michigan courts have held that suppression of a statement is not *per se* required for a McLaughlin violation. *See People v. Manning*, 243 Mich. App. 615, 636-44, 624 N.W.2d 746, 756-60 (2000). Instead, under Michigan law, the existence of a delay is merely a factor to be considered in determining whether a statement was voluntary. *See id.* Thus, the existence of a McLaughlin violation alone does not require suppression of a custodial statement given after arrest but before arraignment.

The state trial court rejected Petitioner's claim that his statement was involuntary. The state court, applying the totality of the circumstances test, concluded, that the

---

[3] A tenuous assumption at best because, as the trial court noted in ruling the statement admissible, Petitioner was arrested pursuant to an outstanding warrant.

15

petitioner was not held an inordinately long period of time and that the time he was held did not render his statement involuntary.

Petitioner has not shown that the state court's conclusion that his confession was voluntary was contrary to or an unreasonable application of Supreme Court precedent. Thus, in light of the fact that no controlling Supreme Court precedent requires suppression under these circumstances and the state court's conclusion that the confession was voluntary, Petitioner cannot show a reasonable probability that, had counsel moved suppress the statement based on the alleged delay in arraignment, the motion would have been granted. Petitioner thus cannot show that appellate counsel was ineffective for failing to raise this issue on appeal.

Petitioner fails to demonstrate that the issues that were allegedly ignored by his appellate counsel in his direct appeal were clearly stronger than those that were presented, and he has failed to overcome the strong presumption that his counsel was competent. Therefore, his fourth and fifth claims are procedurally defaulted unless the petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id.* at 321. Thus, the petitioner must assert a constitutional error along with a claim of innocence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.* The petitioner has not supported his allegation of constitutional error with new reliable

evidence of actual innocence that was not presented to the trial court. Accordingly, these claims are procedurally defaulted.

### E. Alleged Ineffective Assistance of Trial Counsel

Finally, Petitioner argues that his attorney was ineffective in failing to challenge the admissibility of his confession on the ground that it was the fruit of a poisonous tree, an illegal arrest.

The restriction on federal habeas review of a Fourth Amendment claim set forth in *Stone v. Powell*, 428 U.S. 465, 494-495 (1976), does not extend to a habeas petitioner's Sixth Amendment claim of ineffective assistance of counsel involving counsel's failure to file a motion to suppress evidence obtained in violation of the Fourth Amendment. *Kimmelman v. Morrison*, 477 U.S. 365, 382-383 (1986). However, to establish that counsel's failure to litigate a Fourth Amendment claim constitutes ineffectiveness, a defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence, in order to demonstrate actual prejudice. *Id.* at 375.

Under Michigan law, "[a] police officer may arrest an individual without a warrant if the officer has probable cause to believe that a felony has been committed and that the suspect committed it." *citing* Mich. Comp. Laws § 764.15; *People v. Champion*, 452 Mich. 92, 115; 549 N.W.2d 849 (1996). However, a warrant is typically required if the arrest is made inside the suspect's home. *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371 (1980). Petitioner was arrested outside his home. Therefore, no warrant was required under Michigan law. As discussed above, Petitioner also has failed to show

that police lacked probable cause to arrest him. Therefore, Petitioner has failed to show that he was prejudiced by his attorney's failure to file a motion challenging admission of the confession on the basis of the warrantless arrest.

### F. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See Id.* at 90 (*quoting, Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,' the district judge is, at that point, often best able to determine whether to issue the COA.") (overruled on other grounds).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must "show . . . that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition does not present any

claims upon which habeas relief may be granted.  Therefore, the court will deny a certificate of appealability.

## IV.  CONCLUSION

IT IS ORDERED that the petition for writ of habeas corpus" [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


                          s/Robert H. Cleland
                          ROBERT H. CLELAND
                          UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2008, by electronic and/or ordinary mail.


                          s/Lisa G. Wagner
                          Case Manager and Deputy Clerk
                          (313) 234-5522