**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT WINDELL TATE,

    Petitioner,

v.                                             Case Number: 2:06-CV-13156

RAYMOND BOOKER,

    Respondent.
                                        /

**OPINION AND ORDER (1) CONSTRUING PETITIONER'S "MOTION FOR CERTIFICATE OF APPEALABILITY" AS "MOTION FOR RECONSIDERATION," (2) DENYING MOTION FOR RECONSIDERATION, AND (3) GRANTING PETITIONER'S "MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL"**

Petitioner Robert Windell Tate filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder, felon in possession of a firearm, and felony firearm. On May 30, 2008, the court issued an "Opinion and Order (1) Denying Petition for Writ of Habeas Corpus and (2) Declining to Issue a Certificate of Appealability." Petitioner has filed a "Motion for Certificate of Appealability," seeking a certificate of appealability (COA) with respect to a single claim raised in his petition, that he was denied his right to a fair trial when the trial court denied his motion to suppress his confession. Because the court already has denied a COA, the court will construe Petitioner's motion as requesting reconsideration of that denial. Petitioner also has filed a "Motion to Proceed *In Forma Pauperis* on Appeal," which the court will grant.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the

correction of which will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(g)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain."  *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner asks the court to reconsider its denial of a certificate of appealability for his claim that his confession should have been suppressed.  The court denied relief on this claim because it was procedurally defaulted.  Petitioner asserted ineffective assistance of appellate counsel in an attempt to establish cause and prejudice to excuse the default.  However, the court held that the state court's decision that the statement was not subject to exclusion even if the arrest was illegal followed the reasoning set forth by controlling Supreme Court case law, and that counsel's decision to forego the issue of Petitioner's alleged warrantless arrest in favor of other claims was strategic and did not constitute ineffective assistance of counsel.

The court declined to issue a COA because, the court concluded, reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

Petitioner's arguments for reconsideration amount to a disagreement with the court's decision.  A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration.  L.R. 7.1(g)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).  Plaintiff fails to

demonstrate that the court's decision denying a COA was based upon a palpable defect by which the court was misled.

Petitioner has filed a "Motion to Proceed *In Forma Pauperis* on Appeal." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, grants Petitioner's "Motion to Proceed *In Forma Pauperis* on Appeal."

Accordingly, IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 27], which the court has construed as a "Motion for Reconsideration" is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Proceed *In Forma Pauperis* on Appeal" is GRANTED.

                                               s/Robert H. Cleland
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: July 22, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 22, 2008, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-13156.TATE.Reconsideration.wpd

4